FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
*Southern Division*

2016 NOV 29  P 12: 31

CLERK'S OFFICE
AT GREENBELT

BY_____

| | | |
|---|---|---|
| **EARL D. JOHNSON, JR., #252-782** | * | |
| **Petitioner,** | * | |
| **v.** | * | **Civil Action No. GJH-16-874** |
| **RICHARD DOVEY, et al.** | * | |
| | * | |
| **Respondents.** | * | |
| | * | |
| | *** | |

### MEMORANDUM OPINION

Pending is Earl D. Johnson Jr.'s ("Petitioner" or "Johnson") Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254, challenging his 2011 judgment of conviction in the Circuit

Court of Anne Arundel County for armed robbery and related offenses. Respondents Richard

Dovey, the Warden, and the Attorney General of the State of Maryland (collectively,

"Respondents") filed an Answer seeking dismissal of Johnson's claims as not cognizable on

federal habeas corpus review, and in the alternative, because the claims are unexhausted.

Johnson has filed a Motion for Release from Custody, a Motion to Contest Dismissal, and a

Reply to Respondents' Answer. ECF Nos. 10, 11, and 16.[1] The Court finds no need for an

evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States

District Courts; Local Rule 105.6 (D. Md. 2016). For the reasons to follow, the Petition will be

denied and dismissed without prejudice for lack of exhaustion. Petitioner's Motion for Release

from Custody and Motion to Contest Dismissal will be denied.

---

[1] Johnson asserted that he had not received the Answer and exhibits originally mailed to him by counsel. ECF Nos. 10, 12, 13, and 14. A second copy was sent to him at Court direction. Johnson received the mailing on November 2, 2016, and he filed the Reply on November 18, 2016. ECF Nos. 15 and 16.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On January 14, 2011, a jury sitting in the Circuit Court of Anne Arundel County found

Johnson guilty of armed robbery, robbery, assault in the second degree, and theft under $1000

based on a series of robberies at two 7-Eleven convenience stores in Crofton, Maryland. The

Circuit Court sentenced Johnson to serve 25 years of incarceration without parole.[2] ECF No. 7-1.

Johnson filed a direct appeal to the Court of Special Appeals of Maryland, presenting

four questions for review:

1.  Did the trial court err in denying the motion to sever?

2.  Is the evidence insufficient to sustain the convictions for robbery with a dangerous weapon, robbery, and second degree assault?

3.  Did the trial court err in instructing the jury that "[t]o support a robbery conviction possession of an undisclosed weapon could be inferred from the surrounding facts and circumstances" and that "[t]the presence of a deadly weapon could satisfy the constructive violence element of robbery?"

4.  Is the sentence of 25 years without parole illegal?

ECF No. 7-2 at 6.[3]

On August 28, 2012, the Court of Special Appeals vacated Johnson's sentence of twenty-

five years without parole for armed robbery and remanded for resentencing on that conviction,

but otherwise affirmed judgment. ECF No. 7-5 at 34. On October 2, 2012, Johnson was

resentenced to serve 13 years in prison, consecutive to any sentence being served. ECF No. 7-1.[4]

Johnson then filed a Petition for a Writ of Certiorari, asking the Court of Appeals of

Maryland to review the determination that the evidence was sufficient to sustain his convictions.

---

[2] The facts adduced at trial were summarized by the Court of Special Appeals of Maryland. ECF No. 7-5 at 3-10. They are repeated here as necessary to consider the issues in the Petition.

[3] Page citations refer to the Court's CM/ECF electronic docketing system.

[4] Johnson filed a separate Petition for Writ of Habeas Corpus challenging his 2010 judgment in the Circuit Court for Prince George's County for armed robbery. *See Johnson v. Dovey, et al.*, Civil Action No. GJH-16-873 (D. Md.). That case is under review.

ECF No. 7-6. The Court of Appeals denied review on November 19, 2012. *Id.* at 4.

On November 27, 2012, Johnson filed a Petition for Post-Conviction relief in the Circuit

Court for Anne Arundel County, asserting two claims:

1) Trial counsel was ineffective for failing to:
   a. object to the lack of authentication of the still photo from the surveillance video;
   b. object to the admission of the still photo from the surveillance video;
   c. object to the 911 tape of the February 1, 2010, robbery; and
   d. effectively cross-examine Officer Michael Fraser about Ray Ramanathan's description of him;[5] and

2) Appellate counsel was ineffective for failing to raise on appeal the State's failure to provide the surveillance video to the defense.

ECF No. 7-7.

The Circuit Court considered Johnson's Petition during the post-conviction hearing on

February 28, 2014. ECF No. 7-1, 7-7. On April 30, 2014, the Circuit Court denied post-

conviction relief as to all claims. ECF No. 7-7.

Johnson raised two claims in his Application for Leave to Appeal the denial of his Post-

Conviction Petition: 1) appellate counsel was ineffective for failing to raise on appeal the State's

failure to provide surveillance video to the defense; and 2) trial counsel was ineffective for

failing to effectively cross-examine Office Michael Fraser about Ray Ramanathan's description

of him. ECF No. 7-8.

On November 5, 2015, the Court of Special Appeals of Maryland summarily denied the

Application for Leave to Appeal and the mandate issued on December 9, 2015. ECF No. 7-9. On

March 23, 2016, Johnson filed this § 2254 Petition. Johnson asserts he is entitled to federal

habeas relief on the following grounds: 1) he was "illegally identified" by the victim; 2) the

victim "didn't point" him out in the courtroom; 3) the victim committed perjury; 4) the trial court

---

[5] Ray Ramanathan, a store clerk who was working at the stores when four of the incidents occurred, and Officer Michael Fraser, an officer who responded to one of the incidents, testified at trial. ECF No. 7-2.

improperly denied his motion to sever; and 5) he did not get a fair trial. ECF No. 1 at 6.

## II.    STANDARD OF REVIEW

Johnson's petition is governed by 28 U.S.C. § 2254 and chapter 154 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. §§ 2261–66 (2000). In almost all circumstances, petitioners under § 2254 must exhaust all available state court remedies before seeking relief in federal court. § 2254(b). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. "For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings." *Wilkerson v. Bishop*, JFM-13-3937, 2014 WL 1153790, at *1 (D. Md. Mar. 20, 2014).

When reviewing a claim adjudicated on the merits by a state court, a federal court may grant habeas relief only if the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." §§ 2254(d)(1), (d)(2); *see also Winston v. Kelly*, 624 F. Supp. 2d 478, 491 (W.D. Va. 2008), *aff'd in part*, 592 F.3d 535 (4th Cir. 2010). A state court adjudication is considered "contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts." *Winston v. Kelly*, 624 F. Supp. 2d at 491 (citing *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000)). A state court decision unreasonably applies clearly established federal law if the court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the

4

facts of the [petitioner's] case." *Williams v. Taylor,* 529 U.S. at 413. It is not enough that a state court applied federal law incorrectly; relief may only be granted if the application of federal law is unreasonable. *Id.* at 411.

## III.    DISCUSSION

Respondents seek dismissal of the Petition because none of the claims raised constitute a cognizable basis for federal habeas corpus relief. Additionally, they assert that if the petition were construed as asserting cognizable claims, those claims are unexhausted. ECF No. 7. In his Reply, Johnson states "they violated my Fourteenth Amendment Due Process Clause," and disputes there was probable cause for his arrest. ECF No. 16 at 1. In support, Johnson claims that he was not properly identified in a photograph, the arresting officer has since quit the police force, and the generic cigarettes found on Johnson's person, referenced in the statement of probable cause, could have been sold at any store in Maryland. *Id.*; *see also* ECF No. 16-1. Johnson does not allege, nor is it apparent in the record, that his claim of a due process violation was raised on direct appeal or in post-conviction proceedings.

### A.  Cognizability of Claims

The federal habeas statute authorizes district courts to entertain petitions for habeas corpus relief for persons who demonstrate that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Absent violation of a Federal constitutional right, a habeas petitioner fails to state a cognizable claim for relief. *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does

not violate federal law."); *Spencer v. Murray*, 18 F.3d 237, 239–40 (4th Cir. 1994) (where petitioner complained about the admissibility of evidence, without citing any constitutional provision or mentioning any constitutional right that was infringed, no Federal claim was stated).

None of the claims presented in the Petition specify abridgement of constitutional or federal law. Johnson does not identify the "victim," indicate why the victim's identification was purportedly illegal, or state why the victim's alleged failure to point him out in the courtroom amounts to a violation of federal law. ECF No. 1 at 4. Johnson's summary statement that he did not receive a fair trial is insufficient to support a claim of constitutional moment. In his Reply, Johnson attempts to link his claims to a denial of due process under the Fourteenth Amendment, but does not provide sufficient facts to substantiate this assertion, nor alleges that he raised a due process claim at the state court proceedings below. *See* ECF No. 16.

Johnson's claim concerning the motion to sever appears based on state law grounds he raised on direct appeal. *See* ECF No. 7-2 (Johnson's appellate brief discussing joinder of offense under state law); ECF No. 7-5 at 11-19 (decision of Maryland Court of Special Appeals discussing joinder of offenses under Maryland law). It is not, however, "the province of a federal habeas court to reexamine state court determinations on state-law questions." *Oken v. Nuth*, 64 F. Supp. 2d 488, 500 (D. Md. 1999) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). Further, none of these claims was fully raised before the state courts to satisfy the exhaustion requirement, as is discussed below.

### B. Exhaustion

A habeas petitioner must exhaust available state remedies before seeking relief in federal court. *See Cone v. Bell*. 556 U.S. 449, 465 (2009); *see also* 28 U.S.C. § 2254(b)(1). Before seeking federal habeas corpus relief, a petitioner must exhaust each claim presented to the

federal court by first pursuing remedies available in the state court. *See Leonard v. Hammond*, 806 F.2d 838, 840 (4th Cir. 1986). Exhaustion is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838. 842 (1999); *see also* 28 U.S.C. § 2254(b)–(c). Exhaustion is not required if at the time a federal habeas corpus petition is filed petitioner has no available state remedy. *See Teague v. Lane*, 489 U.S. 288. 297-98 (1989); *Bassett v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990).

In Maryland, exhaustion may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings. *See Matthews v. Evan*, 105 F.3d 907, 911 (4th Cir. 1997); *Spencer* 18 F.3d at 239. The exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 2001) (quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)).

Under Maryland law, Johnson was entitled to direct review of his convictions by the Court of Special Appeals of Maryland as a matter of right and to further review by the Court of Appeals of Maryland in that court's discretion. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12-201, 12-202, 12-203, 12-301, 12-302, 12-307, 12-308 (2012). Johnson can also collaterally attack his convictions pursuant to the provisions of Maryland's Uniform Post Conviction Procedure Act. *See* Md. Code Ann., Crim. Proc. §§ 7-101–7-301 (2008). Johnson summarily asserts that he properly exhausted "all state claims," but he fails to show that each claim was fully raised before the state courts.[6] ECF No. 11 at 1.

---

[6] It is also likely these claims are procedurally defaulted. *See e.g. Coleman v. Thompson,* 501 U. S. 722, 749-50 (1991); *Murray v. Carrier,* 477 U.S. 478, 489-91 (1986).

7

In his Motion to Contest Dismissal, Johnson does not contest the procedural history of his case outlined above but claims he properly exhausted all his state claims and followed "what the attorney said." ECF No. 11 at 1. Johnson argues that he "properly exhausted everything in my power," and reminds the Court that he is a self-represented and incarcerated litigant. (ECF No. 11 at 2). Though the Court recognizes his efforts to pursue his federal habeas claims, the fact remains that each claim raised here was not fully presented before the state courts. Johnson's attempt to blame counsel or his self-represented status in this proceeding does not excuse lack of exhaustion. Accordingly, the Petition will be dismissed without prejudice for lack of exhaustion. In light of the above, Johnson's Motion to Release from Custody and Motion to Contest Dismissal, ECF Nos. 10 and 11, will be denied.

## IV.   CERTIFICATE OF APPEALABILITY

There is no cause to grant a Certificate of Appealability, which may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Where, as here, a district court rejects a prisoner's claims "on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a Certificate of Appealability will not issue. *See* 28 U.S.C. § 2253(c)(2).

## V.    CONCLUSION

For the reasons stated herein, the Petition will be denied and dismissed. A separate Order reflecting this Memorandum Opinion follows.

11/29/2016
Date

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE

9